IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| FRANCISCO J. CASTANEDA, § | |
| TDCJ No. 01620126, § | |
|     Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-22-CV-282-KC |
| § | |
| BOBBY LUMPKIN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Francisco J. Castaneda challenges Respondent Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet, ECF No. 1-1. His petition is opposed by Lumpkin as untimely. Resp't's Answer, ECF No. 13 at 1. His petition is dismissed with prejudice as time barred.

### BACKGROUND AND PROCEDURAL HISTORY

Castaneda is a 40-year-old state prisoner serving a life sentence without parole. *See* Tex. Dep't of Crim. J., https://inmate.tdcj.texas.gov/InmateSearch/search.action (Search for TDCJ No. 01620126) (last visited Dec. 14, 2022). He is currently assigned to the Wainwright Unit in Lovelady, Texas. *Id*.

Castaneda was convicted by a jury on January 8, 2010, for the capital murder of a three-year-old child, Jacqueline Gonzalez, in cause number 20070D05611 in the 168th District Court of El Paso County, Texas. State Habeas R., ECF No. 12-37 at 8–9. On appeal, he argued the evidence was legally and factually insufficient to support his conviction, the trial court erred by denying his motion to suppress evidence found during a warrantless search of another's vehicle, and the trial court erred by admitting into evidence an interview with a child witness because it violated his constitutional rights to confront and cross-examine a witness. *Castaneda v. State*, No. 08-10-00050-CR, 2011 WL 4490960, at *1 (Tex. App.—El Paso Sept. 28, 2011, pet. ref'd). His conviction was affirmed by the Eighth Court of Appeals on September 28, 2011. *Id*. at *12. His petition for discretionary review was refused by the Court of Criminal Appeals on March 30, 2012.

*Castaneda v. State*, PDR No. 1567-11 (Tex. Crim. App. 2012); Order, ECF 4 at 2.

Castaneda filed a state application for a writ of habeas corpus challenging his conviction on May 29, 2013. State Habeas R. (Petition), ECF No. 12-37 at 35–62. He asserted twenty-one grounds for relief. *Id*. at 40–61. He claimed, among other things, "that trial counsel rendered ineffective assistance because he would not allow [him] to testify at trial." *Ex parte Castaneda*, No. WR-80,285-01, 2014 WL 969990, at *1 (Tex. Crim. App. Mar. 12, 2014). His petition was denied without written order on the findings of the trial court on July 23, 2014. State Habeas R. (Action Taken), ECF No. 12-33 at 1; *see also* State Habeas R. (Findings), ECF No. 12-36 at 124–129 ("Because Castaneda could have been subjected to extremely damaging cross-examination on a host of subjects, he cannot show prejudice for failing to testify.").

Castaneda filed a second state writ application on June 8, 2022. State Habeas R. (Petition), ECF No. 12-49 at 51–66. His petition was dismissed without written order as a subsequent habeas application, pursuant to Texas Code of Criminal Procedure article 11.07, § 4(a)-(c), on August 3, 2022. State Habeas R. (Action Taken), ECF 12-39 at 1.

In his federal petition, dated August 10, 2022, Petitioner claims (1) his indictment was invalid and void; (2) "collateral extrinsic fraud prevented [him] from knowing about his . . . defenses or from having a fair opportunity to present them at trial"; (3) El Paso police officers violated his rights when they broke into his apartment and placed him in restraints; (4) his counsel was ineffective because he did not have a fair opportunity to present witnesses and evidence at a suppression hearing; (5) his counsel failed to object to statements obtained by the police; (6) his counsel failed to ask an appellate judge to recuse herself because she reviewed the case as a trial judge; (7) his counsel failed to preserve errors and did not object to previously recorded statements; (8) his counsel did not call Julissa Zubia, Baudelio Cardenas, Ruben Villegas, Margarita Alcociv, and Daniel Troncosco to testify; (9) he was denied the opportunity to confront Yarita Belon and Detective Arturo Ruiz; (10) his counsel failed to call witnesses who were available for a hearing on his motion to reduce his bond; (11) his counsel failed to impeach Officer David Gonzalez for his inconsistent statements; (12) his counsel failed to object to erroneous jury instructions; (13) his counsel

2

failed to conduct a preliminary investigation into his case; and (14) his counsel failed to present relevant facts at his trial. Pet'r's Pet., ECF No. 1-1 at 6–7, 11–20. He asks the Court to order his release from prison. *Id*. at 7. He also asks the Court to award him $1,000,000 in damages for violations of his civil rights, $1,500 per day for every day he has spent in prison, and $400 for legal fees. *Id*. at 24. He maintains his petition is timely because he is actually innocent. *Id*. at 9.

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

As a result, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they

must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only " 'in rare and exceptional circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, " 'or is prevented in some extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). However, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*,

865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Castaneda did not file his federal petition within one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). His petition for discretionary was refused by the Court of Criminal Appeals on March 30, 2012. *Castaneda v. State*, PDR No. 1567-11 (Tex. Crim. App. 2012); Order, ECF 4 at 2. So, his conviction became final 90 days later—on June 28, 2012—when the time to file a petition for a writ of certiorari with the Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). As a result, he had one year—until June 28, 2013—to timely file a federal petition under 28 U.S.C. § 2244(d)(1)(A). *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one-year limitation period in §2244 (d) of AEDPA); 28 U.S.C. § 2244(d)(1)(A).

Castaneda's first state habeas application tolled the limitation period from its filling on May 29, 2013, until its denial on July 23, 2014—or for a total of 421 days. State Habeas R. (Petition), ECF No. 12-37 at 35–62; State Habeas R. (Action Taken), ECF No. 12-33 at 1. His deadline was accordingly extended until August 25, 2014. *See* Fed. R. Civ. Proc. 6. His second state habeas application did not toll the limitations period because he filed it on June 8, 2022—or well after the limitations period expired. State Habeas R. (Petition), ECF No. 12-49 at 51–66; *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)

5

(stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

Castaneda constructively filed his federal petition on August 10, 2022, the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 3 at 10; *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se* motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). Thus, he submitted it 2907 days—or nearly nine years after the statutory deadline.

Castaneda does not assert an unconstitutional "State action" prevented him from filing for federal relief. *See* 28 U.S.C. § 2244(d)(1)(B). His claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. *See id*. § 2244(d)(1)(C). His claims arise from events which occurred at his trial. Consequently, he should have been aware of the allegations in his petition well before his conviction became final. *See id*. § 2244(d)(1)(D). Hence, his petition is untimely, and he cannot obtain § 2254 relief, unless he can meet his burden of showing an entitlement to equitable tolling or can prove his actual innocence.

Castaneda suggests the State created an "impediment" to his timely filing a petition. Pet'r's Pet., ECF No. 3 at 9. He claims neither he nor his lawyer received the postcard the Court of Criminal Appeals normally sends when it denies a state writ application. Pet'r's Letter, ECF No. 16 at 9. In support of his claim, he submits a letter from his lawyer—dated July 15, 2019—explaining his lawyer inquired and learned that the writ application was denied on July 23, 2014. *Id*.

The Court notes that a "delay in receiving notification . . . could qualify for equitable tolling." *Phillips*, 216 F.3d at 511. But the Court finds that Castaneda did not proceed with diligence once he learned—no later than the summer of 2019—that the Court of Criminal Appeals had denied his state writ application. Indeed, the Court finds that Castaneda's explanation for his delay in filing his § 2254 petition is simply insufficient to support a finding he is entitled to equitable tolling. Consequently, the Court finds

6

that he cannot meet his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2255 motion. *Lawrence*, 549 U.S. at 336.

A petitioner may overcome the AEDPA statute of limitations by a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But actual innocence means factual innocence—not mere legal insufficiency. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). A petitioner must demonstrate—considering all the evidence—it is more likely than not that no reasonable juror would have convicted him to establish actual innocence. *Bousley*, 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 328). And a petitioner must support his allegations of constitutional error with reliable new evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *Schlup*, 513 U.S. at 324.

Castaneda offers the Court no reliable new evidence that he is actually innocent. As a result, his claims regarding his conviction remain time barred.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for dismissing Castaneda's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Castaneda's § 2254 petition is time barred, Castaneda is not entitled to equitable tolling, and it need not address the merits of Castaneda's claims. The Court further concludes that Castaneda is not entitled to a certificate of appealability. The Court accordingly enters the following orders:

**IT IS ORDERED** that Castaneda's *pro se* "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Castaneda is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 15th day of December, 2022.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE